IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ABDUL JALEEL M. REDHA, aka<br>A.J. REDHA,<br><br>               Plaintiff,<br><br>     v.<br><br>BENJAMIN B. ZARÉ, as an individual and as<br>Trustee of the Zaré Loving Trust dated Oct. 14,<br>1996, LINDA M. ZARÉ as an individual and as<br>Trustee of the Zaré Loving Trust dated Oct. 14,<br>1996, and REDHA CORPORATION, an Oregon<br>Corporation<br><br>               Defendants. | Case No. 1:17-cv-01351-CL<br><br><br><br>OPINION & ORDER |

CLARKE, Magistrate Judge.

This matter comes before the Court on Defendants Benjamin B. Zaré ("Mr. Zaré") and Redha Corporation's (the "Corporation") Motion for Protective Order to Bifurcate Discovery ("Motion to Bifurcate") (#34) and Defendant Linda M. Zaré's ("Ms. Zaré") (collectively,

"Defendants") Motion for Joinder (#36) in the Motion to Bifurcate. For the reasons stated below, Mr. Zaré and Redha Corp.'s Motion to Bifurcate is DENIED, and Ms. Zaré's Motion for Joinder is DENIED as moot.

## BACKGROUND

This action arises out of a failed business venture between Plaintiff Abdul Jaleel M. Redha ("Redha") and the Zarés. *See* First Am. Compl. ("FAC"). In 1993, Redha, who knew the Zarés because his brother was married to Mr. Zaré's sister, agreed with the Zarés to form the Corporation for the purpose of buying, developing, and selling properties. FAC at ¶¶ 7, 8. They agreed that Redha would be sole shareholder and receive 75% of the net profit, while Mr. Zaré would manage the Corporation and receive 25% of the net profit. FAC at ¶ 8.

Redha lived in Kuwait and relied on the Zarés to run the Corporation in Redha's "best interests." FAC at ¶¶ 11, 12. Redha alleges that Mr. Zaré repeatedly told him that the Corporation was not profitable. FAC at ¶ 13. The Corporation ultimately failed, but in 2016, a business associate of Redha's visited Jackson County and allegedly discovered evidence that the Corporation had actually been profitable. FAC at ¶ 16. As a result of this discovery, Redha alleges that the Zarés fraudulently misrepresented the profitability of the Corporation and improperly retained funds and proceeds received in the management of the Corporation. *See* FAC.

## DISCUSSION

The Defendants contend that, since events relevant Redha's claims of fraud and misrepresentation took place roughly 20-25 years ago, those claims are presumptively time-barred. Defendants argue that, because some claims may be time-barred, discovery should be bifurcated for discovery and summary judgment on timeliness issues before full discovery as to

the merits of Redha's claims. They argue that this bifurcation as to timeliness issues would promote judicial efficiency and reduce litigation expenses. Defendants concede, however, that under Oregon law, the "discovery rule" may be applicable to determining the timeliness of Redha's fraud and breach of fiduciary duty claims.

Oregon's discovery rule governs the timeliness of claims of fraud and breach of fiduciary duty. *Cole v. Sunnyside Marketplace, LLC*, 212 Or. App. 509 (2007) (explaining that the discovery rule generally applies to actions under § 12.110). "[T]he discovery rule does not require actual discovery or knowledge of the claim but, instead, imputes to the plaintiff the level of knowledge that an exercise of reasonable care would have disclosed." *Johnson v. Multnomah Cty. Dep't of Cmty. Justice*, 344 Or. 111, 118 (2008). The statutory time period begins to run when "a plaintiff knows or, in the exercise of reasonable care should know, that he or she has been injured and that there is a substantial possibility that the injury was caused by an identified person's tortious conduct." Id. "For purposes of determining what facts a plaintiff knows or should have known, 'the discovery rule applies an objective standard—how a reasonable person of ordinary prudence would have acted in the same or a similar situation.'" *Padrick v. Lyons*, 277 Or. App. 455, 466, review denied, 360 Or. 26 (2016) (quoting *Kaseberg v. Davis Wright Tremaine, LLP*, 351 Or. 270, 278 (2011)). Plaintiffs must "act diligently to discover the relevant facts." *Id.* "Whether a plaintiff has discovered an injury generally presents a factual question for the jury, but the question is susceptible to judgment as a matter of law if 'the only conclusion a reasonable jury could reach is that the plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter.'" *Padrick*, 277 Or. App. at 466 (quoting *T.R. v. Boy Scouts of America*, 344 Or. 282, 296 (2008)).

Defendants rely on *Interstate Prod. Credit Ass'n v. Fireman's Fund Ins. Co.*, 1988 WL 121240 (D. Or. 1988) to support their argument that discovery should be bifurcated to resolve timeliness issues before moving to the merits. In that case, the court was considering the issue of coverage with regard to a bond issued to insure IPCA against losses incurred through dishonest or fraudulent acts of IPCA employees. *Interstate*, 1988 WL 121240, at *1. The court granted bifurcation in that case, stating that "[b]ifurcation of coverage issues is likely to promote judicial efficiency and minimize litigation expenses for both parties." *Id.*

In this case, bifurcation of timeliness issues is not likely to promote judicial efficiency, nor minimize litigation expenses for both parties. To be disposed of at the summary judgment stage, a timeliness issue governed by the discovery rule must present facts to which "the only conclusion a reasonable jury could reach is that the plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter." *T.R.*, 344 Or. at 296. In this case, the critical facts relevant to the timeliness issue necessarily include some facts relevant to the substantive fraud claims. The question of when Redha knew, or reasonably should have known about the alleged fraud, implicates the circumstances surrounding the fraud; functionally, it necessitates inquiry into the substantive allegations in determining the reasonableness of Redha's prolonged ignorance of the alleged fraud. As a result, a motion for summary judgment as to timeliness would require at least some discovery into the substantive allegations. Therefore, while bifurcating discovery as to timeliness would be possible, it is likely more efficient in this case to continue discovery on both the timeliness issue and the merits of the substantive claims.

/ / /

/ / /

## CONCLUSION

For the reasons stated above, Mr. Zaré and the Corporation's Motion to Bifurcate is DENIED, and Ms. Zaré's Motion for Joinder is DENIED as moot. The Court requests the parties to confer in person or by phone about ongoing discovery, and they should proceed immediately to produce.

It is so ORDERED and DATED this 12 day of June, 2018.

_____
MARK D. CLARKE
United States Magistrate Judge