IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ABDUL JALEEL M. REDHA. aka
A.J. REDHA,

    Plaintiff,

v.

BENJAMIN B. ZARÉ, as an individual and as
Trustee of the Zaré Loving Trust dated Oct. 14,
1996, LINDA M. ZARÉ as an individual and as
Trustee of the Zaré Loving Trust dated Oct. 14,
1996, and REDHA CORPORATION, an Oregon
Corporation

    Defendants.

Case No. 1:17-cv-01351-CL

OPINION & ORDER

---

CLARKE. Magistrate Judge.

    Plaintiff Abdul Jaleel M. Redha ("Redha") brings claims of fraud, conversion, breach of fiduciary duty, unjust enrichment, constructive trust, breach of contract, accounting, inspection of records, and derivative action by shareholder against defendants Benjamin B. Zaré ("Mr.

Zaré"), Linda M. Zaré (Ms. Zaré) (together, "the Zarés"), and Redha Corporation (the "Corporation") (collectively, "Defendants"). This matter comes before the Court on Defendant Ms. Zaré's second motion to make more definite, and alternatively to dismiss (#41), as well as Mr. Zaré and the Corporation's motion to make more definite (#42). For the reasons stated below, Ms. Zaré's motion to make more definite, and alternatively to dismiss is DENIED, and Mr. Zaré and the Corporation's motion to make more definite is DENIED.

## BACKGROUND

This action arises out of a failed business venture between Plaintiff Abdul Jaleel M. Redha ("Redha") and the Zarés. See First Am. Compl. ("FAC"). In 1993, Redha, who knew the Zarés because his brother was married to Mr. Zaré's sister, agreed with the Zarés to form the Corporation for the purpose of buying, developing, and selling properties. FAC at ¶¶ 7, 8. They agreed that Redha would be the sole shareholder and receive 75% of the net profit, while Mr. Zaré would manage the Corporation and receive 25% of the net profit. FAC at ¶ 8.

Redha lived in Kuwait and relied on the Zarés to run the Corporation in Redha's "best interests." FAC at ¶¶ 11, 12. Redha alleges that Mr. Zaré repeatedly told him that the Corporation was not profitable. FAC at ¶ 13. The Corporation ultimately failed, but in 2016, a business associate of Redha's visited Jackson County and allegedly discovered evidence that the Corporation had actually been profitable. FAC at ¶ 16. As a result of this discovery, Redha alleges that the Zarés fraudulently misrepresented the profitability of the Corporation and improperly retained funds and proceeds received in the management of the Corporation. See FAC.

/ / /

/ / /

## LEGAL STANDARD

Fraud claims must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." The plaintiff must plead with particularity "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003) (internal quotation marks omitted). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1108.

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In

evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## DISCUSSION

### I. Ms. Zaré's Motion to Dismiss

Ms. Zaré argues that allegations of fraud in the FAC do not meet the heightened pleading standard of Rule 9(b), and must be made more definite and certain to comply. More precisely, Ms. Zaré argues that the allegations do not specify a "when, where, or how" sufficient to allege fraud, nor does the FAC include information that explains why the allegations against her would constitute fraud. The Court disagrees with Ms. Zaré that the FAC does not adequately allege fraud with the requisite specificity demanded under Rule 9(b).

While Redha's allegations against Ms. Zaré may not be the model for pleading fraud, they are sufficient in this case. Redha has made a good faith effort in the FAC to more specifically allege facts that constitute fraud against Ms. Zaré. The FAC includes allegations that Ms. Zaré took various actions with Mr. Zaré to usurp control of the Corporation and retain the benefits, contrary to the parties' agreement. *See* FAC at ¶ 31. Redha also alleges, though rather indirectly, that these fraudulent actions took place at least by "early 1998" in Jackson County, where Redha's business associate discovered evidence that the Corporation may have been profitable. *See* FAC at ¶¶ 17, 31. These allegations help to establish the "when, where, or how" necessary to plead fraud.

Additionally, "[w]here fraud consists of omissions on the part of the defendants, the plaintiff may find alternative ways to plead the particular circumstances of the fraud. For example, a plaintiff cannot plead either the specific time of the omission or the place, as he is not

alleging an act, but a failure to act." *Washington v. Buenziger,* 673 F.Supp. 1478, 1482 (N.D. Cal.1987) (international citations and quotations omitted). The FAC alleges that Ms. Zaré was aware that the Corporation was profitable, but helped to conceal that fact from Redha. FAC at ¶ 31. Taken together, the allegations against Ms. Zaré are sufficient to allege fraud and to allow Ms. Zaré to properly prepare an answer.

### Mr. Zaré and the Corporation's Motion to Make More Definite and Certain

"A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken,* 6 F.3d 666, 671-72 (9th Cir. 1993) (quotations omitted) (citing *Gottreich v. San Francisco Investment Corp.,* 552 F.2d 866, 866 (9th Cir. 1977). Mr. Zaré and the Corporation previously filed an answer (#18) to the original complaint (#1). The FAC added more specificity and detail. Therefore, as it pertains to Mr. Zaré and the Corporation, it is clear that the FAC is not so indefinite that they cannot prepare an adequate answer. As a result, their motion to make more definite and certain is denied.

### CONCLUSION

For the reasons state above, Ms. Zaré's motion to make more definite, and alternatively to dismiss is DENIED, and Mr. Zaré and the Corporation's motion to make more definite is DENIED.

It is so ORDERED and DATED this ___ day of June, 2018.

_____
MARK D. CLARKE
United States Magistrate Judge